UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 1:18-cr-20719-10

v.                                              Honorable Thomas L. Ludington
                                                      United States District Judge

MACK ADAM MCCLAIN,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before this Court on Defendant Mack Adam McClain's Motion for Compassionate Release, ECF No. 552. For the reasons stated hereafter, his motion will be denied.

**I.**

In February 2020, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 342. He was sentenced to 84 months' imprisonment and four years' supervised release. ECF No. 439.

In April 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 552, which the Government opposes, ECF No. 554. Defendant has also filed a request for appointment of counsel to aid him with his motion. ECF No. 558.

As explained below, Defendant's motion for compassionate release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release nor (2) that the facts set forth in 18 U.S.C. § 3533 warrant release. Because Defendant's motion for compassionate release will be denied, his request for appointment of counsel will be denied as moot.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.

### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from his warden in February 2022, which was denied the following month. *See* ECF No. 552 at PageID.2905–06. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Liberally construing his motion, Defendant raises four reasons for compassionate release: (1) the risk of COVID-19, (2) his mother's diagnosis with brittle diabetes, (3) changes in the Sentencing Guidelines, (4) and the denial of prison services. ECF No. 552 at PageID.2897–99. Whether considered independently or in combination, these reasons are neither extraordinary nor compelling.

**i.**

Defendant claims that, despite being fully vaccinated, he recently tested positive for COVID-19. *Id.* at PageID.2897. He seems to argue that his positive test and the risk of being reinfected justify his early release. *See id.* at PageID.2897–99.

Defendant's argument is unpersuasive. Recently, the Sixth Circuit held that "a defendant's incarceration during the COVID 19 pandemic—when the defendant has access to the COVID 19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that COVID-19 pandemic does not constitute extraordinary and compelling reason for relief "absent extenuating circumstances"); *United States v. Banks*, No. 18-CR-20462-2, 2022 WL 2679417, at *4 (E.D. Mich. July 11, 2022) (denying compassionate release because defendant had access to COVID-19 vaccine).

This rule has a sound scientific basis. The FDA-approved COVID-19 vaccines are widely recognized as "safe and effective." *See Safety of COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last updated July 18, 2022). And the BOP's vaccination efforts have largely been successful. Most BOP prisoners, including Defendant, are now vaccinated. *See COVID-19*, BOP, https://www.bop.gov/coronavirus/index.jsp (last visited July 20, 2022).

Further, notwithstanding his vaccination, Defendant does not appear to be at high risk of developing severe symptoms. Although he suffers from asthma and hypertension, Defendant is only 36 years old and controls both conditions with medication. *See* ECF No. 554 at PageID.2931. Additionally, Defendant appears to have made a full recovery from COVID-19 and does not complain of any long-term symptoms. *See generally* ECF No. 552. Simply put, being a relatively healthy, fully vaccinated 36-year-old who recovered from COVID-19 is not extraordinary or compelling. *See, e.g.*, *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022) (denying compassionate release to 80-year-old fully vaccinated defendant who recovered from COVID-19).

**ii.**

Defendant's second reason for release is his mother's recent diagnosis with brittle diabetes. ECF No. 552 at PageID.2897. However, beyond the obvious distress caused to Defendant, the significance of his mother's diagnosis is unclear. Defendant does not explain whether his mother is disabled or otherwise unable to care for herself. Nor does he explain why, assuming that she is disabled, he would be the only possible caretaker. Accordingly, while unfortunate, Defendant's mother's diagnosis does not justify his early release from custody.

### iii.

Defendant's third reason for release is an alleged "disparity in the sentencing guidelines" between now and when he was sentenced. *Id.* at PageID.2899. But the Guidelines were last amended in November 2018—two years before Defendant was sentenced. *See* USSG App. C, amend. 813 (effective Nov. 1, 2018). Accordingly, Defendant's third reason for release is without merit.

### iv.

Defendant's fourth and final reason for release is the denial of prison services, namely "psychology[ical] services, recreation, school, [and] visitation." ECF No. 552 at PageID.2897. Defendant notes that the BOP has delayed or stopped providing some of these services due to the COVID-19 pandemic. *Id.* He claims that, in doing so, the BOP deprived him of a "liberty interest" without due process. *Id.*

As a threshold matter, it seems unlikely that Defendant would have a protected liberty interest in visitation and similar services. *See Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 894 (11th Cir. 2015) (unpublished) (holding that "[prisoner] did not have a protected liberty interest in unfettered visitation privileges"). And even if the BOP has violated Defendant's constitutional rights, his best avenue for relief is not a motion for compassionate release but a civil action against the relevant officials. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (unpublished) (holding that district court properly construed deliberate-indifference claim against BOP as a civil action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

More importantly, however, Defendant's predicament is not extraordinary or compelling. Almost every prisoner in BOP custody has had to endure some loss of privileges during the

COVID-19 pandemic. As inconvenient as they are, the BOP's protocols seem reasonably necessary to ensure the safety of prisoners and staff. *See* ECF No. 554 at PageID.2935–37. Defendant's frustration is understandable, but it does not justify his early release.

v.

Considering the totality of the circumstances, Defendant is a fully vaccinated 36-year-old male with mild underlying conditions who recently recovered from COVID-19 and whose mother was recently diagnosed with a serious (but presumably nonterminal) illness. Although unfortunate in many respects, Defendant's personal circumstances seem more favorable than many of his fellow inmates. Accordingly, Defendant's predicament does not constitute an extraordinary or compelling reason for release.

C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). Nonetheless, in the interest of being thorough, this Court will address the relevant § 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

>           (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>     (3) the kinds of sentences available;
>     (4) the kinds of sentence and the sentencing range established for—
>           (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>                . . . .
>     (5) any pertinent policy statement—
>                . . . .
>     (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>     (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant does not address any of the § 3553 factors directly. Instead, he passingly mentions (1) that the BOP does not consider him a safety risk, (2) that his criminal history is relatively limited, and (3) that he has "accepted responsibility for his actions" and is ready "[t]o turn to his family." ECF No. 560 at PageID.2965–66. He also states he "has the support of his fiancé" and a "stable place to live" if released. *Id.* at PageID.2966.

Although Defendant's efforts at rehabilitation are commendable, he has not "ma[de] a compelling case" for a sentence reduction. *Sherwood*, 986 F.3d at 954. As detailed in his presentence investigation report, Defendant was part of an organized drug-trafficking conspiracy that distributed large quantities of crack cocaine. He is also a repeat offender with prior offenses for assault and possession of a firearm. This Court considered these facts in fashioning his sentence and ultimately determined that an 84-month term was necessary "to reflect the seriousness of [his] offense," "to promote respect for the law," and "to afford adequate deterrence." *See* 18 U.S.C. § 3553(a)(1)(A)–(B). Defendant has made substantial progress since sentencing, but with a projected release date of November 2024, he still has a long path ahead of him. The interests behind his 84-month sentence are therefore best served if he remains in custody.

For these reasons, Defendant has not carried his burden of showing that a sentence reduction is "warranted." *See* 18 U.S.C. § 3582(c)(1)(A). His motion for compassionate release will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 552, is **DENIED**.

Dated: August 2, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge